PEARSON, TILLMAN, Judge.
Petitioner was the treating physician of the plaintiff in a personal injury action. On January 23, 1963, petitioner’s deposition was taken pursuant to notice by the defendant-respondents. Certain questions were objected to by counsel for the petitioner, and petitioner was instructed not to answer. Thereafter, the defendant filed a motion to compel discovery and the circuit judge entered the order here reviewed which required the petitioner to answer certain questions set forth in the defendant’s motion.
Alleging that he is without remedy by way of appeal, petitioner requests this Court to grant a writ of certiorari and enter its order quashing the order of the circuit judge. We are thus squarely faced with the question of whether a witness who is not a party to a suit may bring certiorari to determine whether or not he can be directed to answer questions asked during the taking of a deposition under Rule 1.21 of the Florida Rules of Civil Procedure, 30 F.S.A.
Certiorari as a means of review is founded in either the statutory or common law. Since no statute governs the situation at hand, we must look to the common law to determine the answer to the question. We hold that certiorari does not lie in the instant case since the order compelling discovery was not such a final order or decree as will support granting a petition by a non-party.
We recognize two cases which would seem to indicate a contrary result to that which we reach herein: Boucher v. The Pure Oil Co., Fla.App.1957, 101 So.2d 408 and Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541. Both these cases involved interrogatories propounded to a party with a refusal to answer and a subsequent order requiring answer. Certiorari was acknowledged to be the appropriate means of review under such circumstances.
We take the liberty of quoting at length from a decision of the Supreme Court of the United States in the case of Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). The question in this case involved the appealability of judicial orders requiring appellants to answer the questions and produce documents requested. While recognizing the factual and legal distinctions to the case at hand, we adopt the reasoning and set it forth as an expression of our views in the instant case.
“ * * * Let the court go farther, and punish the witness for contempt of its *172 order, — then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case. Why should greater rights be given a witness to justify his contumacy when summoned before an examiner than when summoned before a court? Testimony, at times, must be taken out of court. In instances like those in the case at bar the officer who takes the testimony, having no power to issue process, is given the aid of the clerk of a court of the United States; having no power to enforce obedience to the process or to command testimony, he is given the aid of the judge of the court whose clerk issued the process, and if there be disobedience of the process, or refusal to testify or to produce documents, such judge may ‘proceed to enforce obedience * * * or punish the disobedience in like manner as any court of the United States may proceed in case of disobedience to like process issued by such court.’ * * * This power to punish being exercised, the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit. This is clearly pointed out by Circuit Judge Van Devanter, disallowing an appeal from an order like those under review, in the case Nelson v. United States [201 U.S. 92, 50 L.ed. 673, 26 Sup.Ct.Rep. 358], in error to the circuit court of the United States for the district of Minnesota. The learned judge said:
“ T am of opinion that the mere direction of the court to the witnesses to answer the questions put to them and to produce the written evidence in their possession is not a final decision; that it more appropriately is an interlocutory ruling or order in the principal suit, and that if the witnesses refuse to comply with it and the court then exercises its authority either to punish them or to coerce them into compliance, that will give rise to another case or cases to which the witnesses will be parties on the one hand, and the government, as a sovereign vindicating the dignity and authority of one of its courts, will be a party on the other hand.’ ”
We need cite none of the voluminous authority for the proposition thar certiorari is a discretionary writ which a court may issue in the exercise of sound judicial discretion. In the absence of controlling authority, we here hold that the exercise of sound judicial discretion militates against allowing a non-party to have reviewed an interlocutory order at law compelling answers to questions propounded in the course of the pretrial discovery procedure.
For the reasons set forth above, the petition for writ of certiorari is dismissed.