PER CURIAM.
The petition for writ of common law cer-tiorari to review an order of the trial court which purportedly denied the petitioners’ motion for a protective order is dismissed as premature. The record fairly reflects that the trial court has not denied the motion for protective order and indeed has ordered that the deposition of the child be discontinued until further order of the trial court.[1] Our dismissal is without prejudice to the petitioners to seek appropriate relief in this court if and when the trial court enters some further order requiring that the child be deposed.[2]
Petition dismissed.
DANIEL S. PEARSON and JORGEN-SON, JJ., concur.

. Although we do not have the benefit of a written order, the following appears at the conclusion of the hearing on petitioners' motion for protective order:
"MR. SAMEK [DEFENSE COUNSEL]: Judge, would it be fair to summarize that the Motion for Protective Order is to continue-as is, at this time, and we are not to continue the deposition without further Order of the Court?
“THE COURT: Correct. That’s what I’m saying. That's all I’m doing at this time.” (Tr. 30).
Later, in unmistakable terms, the court said:
"THE COURT: I’m not going to have him reset for another deposition until further Order of this Court.
"I think Mr. Samek mentioned that in summing it up and that’s the posture I’m going to leave it.” (Tr. 31).

. We note that, in addition to asking this court to preclude the defense from further questioning of the child, the petition for writ of certiora-ri seeks the alternative relief that all proposed questions be propounded in writing to and approved by the trial court, and/or that further depositions be conducted in the presence of the trial judge. The petitioners have not yet sought this or other alternative relief in the trial court, and we will not speculate whether petitioners will seek certiorari review if the further order of the trial court imposes any of these or like conditions on the taking of the child’s deposition.