531 So.2d 180 (1988)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
GERRY LENARD and Peggy Lenard, Husband and Wife, Respondents.
No. 88-1626.
District Court of Appeal of Florida, Second District.
July 27, 1988.
Rehearing Denied September 22, 1988.
*181 Robert C. Swain of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Tampa, for petitioner.
Daniel P. Rock, New Port Richey, for respondents.
PER CURIAM.
State Farm petitions this court for a writ of certiorari quashing an order of the circuit court which allowed respondents to amend their complaint against State Farm to include a count for bad faith refusal to settle a claim under their uninsured motorist coverage. § 624.155, Fla. Stat.(1987). Because we believe no irremediable injury has accrued to State Farm at this time, we deny the petition.
Peggy Lenard, an insured of State Farm, was injured in an October 1986 automobile accident. Her original complaint alleged that the operator of the other vehicle was negligent and that State Farm was obligated to provide uninsured/underinsured motorist coverage. Lenard thereafter settled with the tortfeasor and dropped him from the suit. No final judgment has yet been obtained against State Farm nor has the total amount of Lenard's damages been determined. Apparently dissatisfied with the progress of the negotiations, Lenard successfully sought to add her claim under section 624.155.
Lenard contends that she is required to maintain her bad faith action at this time or lose the right to do so. Schimmel v. Aetna Casualty & Surety Co., 506 So.2d 1162 (Fla. 3d DCA 1987). We express some reservations whether Schimmel compels this result in the present case. The Schimmels filed their bad faith claim after they had previously prevailed on a suit against the insurer for breach of contract. The trial court dismissed the claim "upon a ruling that the doctrine against impermissibly splitting causes of action bar[red] this action as a matter of law," a policy which "avoids vexatious and multiple lawsuits arising out of a single incident." 506 So.2d at 1164 (emphasis supplied). On appeal that ruling was affirmed.
The question thus arises: What is a "single incident" for calculating when to file an action under section 624.155? In Fortson v. St. Paul Fire & Marine Insurance Co., 751 F.2d 1157 (11th Cir.1985), a case the Schimmel panel considered distinguishable, the court noted that the legislature, in enacting the statute, had provided no guidance on this point, though the panel concluded that "[a]t the very least" no bad faith action should precede the underlying *182 tort action. 751 F.2d at 1160. Subsequently, another federal court, addressing a claim of retroactive application of the statute, noted that "a cause of action for bad faith refusal to pay first party claims arises when the alleged bad faith actions occur, not when the policy was issued or the accident occurred." Rowland v. Safeco Insurance Co. of America, 634 F. Supp. 613, 614 (M.D.Fla. 1986).
We have no quarrel with the conclusion in Schimmel that the liability of Aetna for bad faith arose contemporaneously with Aetna's breach of the Schimmels' insurance contract. However, the situation in Opperman v. Nationwide Mutual Fire Insurance Co., 515 So.2d 263 (Fla. 5th DCA 1987), petition for review denied, 523 So.2d 578 (Fla. 1988), is more akin to the present case in that the insurer and insured failed to reach agreement on the amount of damages suffered. In Opperman the matter was referred to arbitration, at which a substantial sum was awarded, and the insured sued to confirm the arbitration award and for bad faith refusal to settle. That second count was dismissed because the trial court believed Florida law did not recognize a first party cause of action for bad faith, and Opperman appealed.
The district court, reversing, described the bad faith claim as "independent," justifying immediate acceptance of jurisdiction pursuant to Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974). Although the issue of when the action should be filed was not before the court in Opperman, its citation to Mendez strongly suggests it did not perceive a "single incident" stemming from the refusal to settle and the underlying tort. Cf. Rowland. Although the two actions in Opperman could be brought simultaneously, they were distinct and severable.
We remain unconvinced that the Lenards had to assert their bad faith claim simultaneously with their other claims. We cannot say that the trial court departed from the essential requirements of law in determining that the Lenards could assert all of their claims at one time. In fact, the court may have had no discretion to do otherwise.
State Farm, who argues that the claim is premature, expresses concern that maintenance of the bad faith action may entitle Lenard to discovery beyond the scope allowed in ordinary actions between an insurer and insured. See, e.g., Fidelity & Casualty Insurance Co. of New York v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987). However, the record before us does not indicate that any privileged information has yet been sought from State Farm. It is its petition, rather than Lenard's complaint, that is premature, and speculation about potential discovery problems does not in and of itself confer jurisdiction upon this court at the present time. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
The petition for writ of certiorari is denied. Our ruling is without prejudice to State Farm to object to specific discovery requests relative to the bad faith claim, if any such requests are propounded prior to resolution of the issue of liability for coverage and the liquidation of Lenard's damages from the accident.
SCHEB, A.C.J., and SCHOONOVER and HALL, JJ., concur.