551 So.2d 553 (1989)
ROYAL INSURANCE COMPANY OF AMERICA, Petitioner,
v.
ZAYAS MEN'S SHOP, INC., Respondent.
No. 89-1082.
District Court of Appeal of Florida, Third District.
October 3, 1989.
Rehearing Denied November 21, 1989.
*554 Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler and John Bond Atkinson and Wendy F. Lumish, Miami and Sharon Lee Stebbins, for petitioner.
Ress, Mintz & Truppman and Mark Mintz, North Miami, for respondent.
Before SCHWARTZ, C.J. and HUBBART and JORGENSON, JJ.
PER CURIAM.
This is a petition for a writ of certiorari which seeks review of a trial court order denying the defendant/insurer Royal Insurance Company of America's motion to abate the plaintiff/insured Zayas Men's Shop, Inc.'s claims below for bad-faith failure to settle an insurance claim, see Sections 624.155, 626.9541(1)(i)(3), Florida Statutes (1987), until its underlying claim below for breach of the insurance contract is resolved in its favor. We deny the petition for a writ of certiorari.
Although we have held under similar circumstances that a writ of certiorari lies to quash such a trial court order and to require the abatement of the bad-faith claim, see Independent Fire Ins. Co. v. Lugassy, 538 So.2d 550 (Fla. 3d DCA 1989); Colonial Penn Ins. Co. v. Mayor, 538 So.2d 100 (Fla. 3d DCA 1989); Allstate Ins. Co. v. Lovell, 530 So.2d 1106 (Fla. 3d DCA 1988); one of our primary bases for so holding was that such a failure to abate would otherwise result in irreparable harm to the defendant/insurer, namely, that the latter would necessarily be required in this joint action to disclose in discovery a vital item solely on the bad-faith claim which it would not otherwise be required to disclose on the breach of the insurance contract claim, to wit: the insurance claim file. See Fidelity & Casualty Ins. Co. v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987), rev. denied, 528 So.2d 1181 (Fla. 1988). The Florida Supreme Court, however, has since held that the insurance claim file is no longer automatically discoverable on the bad-faith claim as to matters which fall within the attorney-client privilege and work product privilege. Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla. 1989)(approving 522 So.2d 1078 (Fla. 4th DCA 1988)). This being so, it is plain that the underpinnings for the Mayor, Lovell, and Lugassy decisions are no longer viable, and that such decisions no longer state the law.
Certiorari denied.