PER CURIAM.
United Services Automobile Association (USAA) seeks a writ of certiorari to review the order of the trial court which denied its motion to abate. The petition for writ of certiorari is denied as USAA has failed to meet the standard for review enunciated in Combs v. State, 436 So.2d 93 (Fla.1983).
The Grants, plaintiffs below and respondents here, filed their second amended complaint against USAA seeking insurance benefits. Count I sought damages for failure to pay uninsured motorist benefits and Count II alleged intentional infliction of emotional distress. In Count III, the Grants claimed damages alleging “unfair claims settlement practices” in violation of Sections 624.155(l)(b)(l) and 626.-9541(l)(i)(3)(c), Florida Statutes. In the trial court, USAA filed a motion to abate, requesting the trial court to enter an order prohibiting the Grants from proceeding with their bad faith claim until the conclusion of the breach of contract and tort claims. USAA argued that it would be prejudicial to allow the Grants to proceed on the bad faith claim at the same time they presented their contract and tort claims. The trial court denied the motion to abate and USAA filed its petition for writ of certiorari.
USAA argues that the order denying abatement is a departure from the essential requirements of law and that an appeal following judgment would be inadequate. USAA cites in support of its argument the *893 case of Colonial Penn Ins. Co. v. Mayor, 538 So.2d 100 (Fla. 3d DCA 1989). We note the District Court of Appeal, Third District, has recently receded from its holding in Mayor, finding that the reasoning for the decision is no longer viable in light of the holding of the supreme court in Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla.1989). See Royal Ins. Co. of America v. Zayas Men’s Shop, Inc., 551 So.2d 553 (Fla. 3d DCA 1989). As the reasoning in Mayor no longer states the law, we adopt the position set forth in State Farm Mut. Auto. Ins. Co. v. Kelly, 533 So.2d 787 (Fla. 4th DCA 1988). In State Farm, petitioner sought a writ of certiorari to review an order of the trial court which denied abatement of bad faith claims pending resolution of the underlying claim for benefits. The Fourth District Court determined that the joinder of bad faith claims with claims for uninsured motorist coverage appear to be provided for in Chapter 624, Florida Statutes, and denied the petition for writ of certiorari. Here USAA argues that unauthorized discovery may be requested, but petitioner does not allege that any such requests are pending. In light of State Farm, Kujawa and Zayas Men’s Shop, USAA has failed to show that the trial court has departed from the essential requirements of law. The petition for writ of certiorari is DENIED.
SHIVERS, C.J., and ERVIN and NIMMONS, JJ., concur.