Donald E. BLANCHARD, Jr., and
Patricia S. Blanchard,
Plaintiffs–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois
corporation, Defendant–Appellee.

No. 89–3541.

United States Court of Appeals,
Eleventh Circuit.

June 22, 1990.

C. Rufus Pennington, Margol & Pennington, P.A., Jacksonville, Fla., for plaintiffs-appellants.

Ada A. Hammond, Stephen E. Day, Taylor, Day & Rio, Jacksonville, Fla., for defendant-appellee.

Before FAY and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.

FAY, Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE 5, SECTION 3(b)(6) OF THE FLORIDA CONSTITUTION

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

This diversity insurance action presents the question of whether or not a first party (insured against insurer), bad faith claim for failure to settle under section 624.-155(1)(b)1.,[1] Florida Statutes, accrues be-

---

1. (1) Any person may bring a civil action against an insurer when such person is damaged:

. . . .

(b) By the commission of any of the following acts by the insurer:

1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interests. . . .
Fla.Stat. § 624.155(1)(b)1. (1989).

fore termination of the underlying contractual dispute, requiring joinder of the contractual and bad faith claims in the initial litigation. The district court, applying existing Florida intermediate appellate law, dismissed plaintiffs-appellants' complaint because it decided that joinder of the bad faith claim with the underlying contractual action was mandatory. We have determined that this question of Florida law is dispositive of this case and that there is no controlling precedent from the Supreme Court of Florida; we, therefore, certify this question to the Florida Supreme Court for resolution.

Plaintiffs-appellants Donald and Patricia Blanchard, husband and wife, had an automobile insurance policy, providing $200,000.00 per person for uninsured motorist coverage, with defendant-appellee State Farm Automobile Insurance Company (State Farm). Donald Blanchard suffered permanent bodily injury when he was struck from behind while stopped on his bicycle at an intersection by an automobile driven by an uninsured motorist. Following State Farm's alleged refusal to make a good faith offer to settle the claim, the Blanchards filed a civil suit in the Fourth Judicial Circuit in and for Duval County, Florida.

The jury returned a verdict of $382,140.00 for Donald Blanchard and $14,850.00 for Patricia Blanchard, after reducing each amount by one percent for Donald Blanchard's comparative negligence. The Blanchards have contended that State Farm continued its bad faith refusal to settle the case reasonably during and after the state court trial. Because the Blanchard's recovery was limited to their $200,000.00 insurance coverage, they instituted this action for the excess damages and alleged State Farm's bad faith refusal to settle their claim pursuant to section 624.155(1)(b)1., Florida Statutes.

Based exclusively upon *Schimmel v. Aetna Casualty & Sur. Co.*, 506 So.2d 1162 (Fla. 3d DCA 1987), the district court granted State Farm's motion to dismiss the complaint. Under *Schimmel*, the district court reasoned that, because the Blanchards

failed to assert their bad faith claim in their policy action in state court, they were barred from pursuing that claim because of the rule against splitting causes of action. The district court acknowledged that Florida decisions indicating that a bad faith claim under section 624.155(1)(b)1. must be abated pending the conclusion of any liability insurance claim have created a formalistic procedure. Nevertheless, the district court found itself bound by unambiguous Florida precedents, but cited *Schimmel* only.

The parties, however, stipulated that there was no controlling Florida precedent and filed a joint request with this court that the case be certified to the Florida Supreme Court before briefs on the merits were filed. This court denied the motion for certification without prejudice and accorded the right to renew the request to certify after full briefing on the merits. Following review of the parties' briefs and oral argument, we are convinced that this question is appropriate for resolution by the Florida Supreme Court.

In the absence of Florida Supreme Court precedent, the federal district court was bound by intermediate Florida appellate decisions in this diversity case. *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1257 n. 14 (11th Cir.1988); *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231, 1235 n. 7 (5th Cir. Unit B 1982); *Bailey v. Southern Pac. Transp. Co.*, 613 F.2d 1385, 1388 (5th Cir.) (per curiam), *cert. denied*, 449 U.S. 836, 101 S.Ct. 109, 66 L.Ed.2d 42 (1980). We note, however, a division in the reasoning among the Florida district courts of appeal. *See, e.g., United Servs. Auto. Ass'n v. Grant*, 555 So.2d 892 (Fla. 1st DCA 1990) (per curiam) (denying abatement of bad faith claim until conclusion of contract and tort claims, relying on *Kujawa v. Manhattan Nat'l Life Ins. Co.*, 541 So.2d 1168 (Fla.1989) (per curiam), *Royal Ins. Co. of America v. Zayas Men's Shop, Inc.*, 551 So.2d 553 (Fla. 3d DCA 1989) (per curiam) and *State Farm Mut. Auto. Ins. Co. v. Kelly*, 533 So.2d 787 (Fla. 4th DCA 1988)); *Royal Ins. Co. of America v. Zayas Men's Shop, Inc.*, 551 So.2d 553 (Fla. 3d

DCA 1989) (per curiam) (denying abatement of insured's bad faith claim until the underlying claim for breach of insurance contract was resolved in its favor based upon *Kujawa,* and concluding that *Independent Fire Ins. Co. v. Lugassy,* 538 So.2d 550 (Fla. 3d DCA 1989) (per curiam), *Colonial Penn Ins. Co. v. Mayor,* 538 So.2d 100 (Fla. 3d DCA 1989) and *Allstate Ins. Co. v. Lovell,* 530 So.2d 1106 (Fla. 3d DCA 1988), all of which require abatement of the bad faith claim, are no longer viable); *Allstate Ins. Co. v. Melendez,* 550 So.2d 156 (Fla. 5th DCA 1989) (per curiam) (denying abatement of bad faith claim until after resolution of coverage claim following *Kujawa* ); *State Farm Mut. Auto. Ins. Co. v. Kelly,* 533 So.2d 787 (Fla. 4th DCA 1988) (approving joinder of bad faith claim and the underlying contractual claim as well as denial of abatement of the bad faith claim); *cf. State Farm Mut. Auto. Ins. Co. v. Lenard,* 531 So.2d 180 (Fla. 2d DCA 1988) (per curiam) (denying quashing complaint amendment to include bad faith count because the court was unconvinced that the bad faith claim had to be simultaneously asserted with the other claims); *Opperman v. Nationwide Mut. Fire Ins. Co.,* 515 So.2d 263 (Fla. 5th DCA 1987), *review denied,* 523 So.2d 578 (Fla.1988) (finding a bad faith claim to be an independent cause of action in first party, contractual insurance litigation). Furthermore, as a matter of Florida procedural law, we are concerned with whether or not a party may assert a claim which has not accrued. Although the Blanchards have contended that bad faith regarding settlement occurred before the underlying contractual litigation in state court, it is arguable that the cause of action did not accrue until the end of that litigation. The conflict among the district courts of appeal apparently causes hardship for plaintiffs and insurance carriers: plaintiffs are compelled to raise bad faith claims in all insurance disputes and insurance carriers must defend, at least preliminarily, bad faith claims in routine cases.

Accordingly, we certify the following questions, as stipulated by the parties, to the Florida Supreme Court for resolution:

1. DOES AN INSURED'S CLAIM AGAINST AN UNINSURED MOTORIST CARRIER UNDER SECTION 624.155(1)(b)1., FLORIDA STATUTES, FOR ALLEGEDLY FAILING TO SETTLE THE UNINSURED MOTORIST CLAIM IN GOOD FAITH ACCRUE BEFORE THE CONCLUSION OF THE UNDERLYING LITIGATION FOR THE CONTRACTUAL UNINSURED MOTORIST INSURANCE BENEFITS?
2. IF SO, IS JOINDER OF THE CLAIM UNDER SECTION 624.155(1)(b)1. IN THE UNDERLYING LITIGATION FOR CONTRACTUAL UNINSURED MOTORIST BENEFITS PERMISSIBLE?
3. IF SO, IS JOINDER OF THE SECTION 624.155(1)(b)1. CLAIM WITH THE CONTRACTUAL CLAIM MANDATORY?

The phrasing of these questions is not intended to limit the Florida Supreme Court's consideration of the various problems encountered by parties litigating section 624.155(1)(b)1. claims. The entire record and the briefs of the parties shall be transmitted to the Florida Supreme Court for assistance in considering these questions.