On Hearing En Banc

SCHWARTZ, Chief Judge.
The state seeks common law certiorari review of an order which seems to require the infant victim in a sexual abuse prosecution to undergo a gynecological examination. We heard oral argument en banc because the issue involves a significant and controversial question in the administration of criminal justice. See State v. Smith, 260 So.2d 489 (Fla.1972); State v. Rhone, 566 So.2d 1367 (Fla. 4th 1990); State v. LeBlanc, 558 So.2d 507 (Fla. 3d DCA 1990); State v. Farr, 558 So.2d 437 (Fla. 4th DCA 1990); State v. Diamond, 553 So.2d 1185 (Fla. 1st DCA 1988); State v. Drab, 546 So.2d 54 (Fla. 4th DCA 1989), review denied, 553 So.2d 1164 (Fla.1989); State v. Coe, 521 So.2d 373 (Fla. 2d DCA 1988). We have now concluded that the issue presented is not ripe for appropriate review. The application is therefore denied in the exercise of our discretion, without prejudice.
The well-reasoned order below concludes with the following dispositive language:
ACCORDINGLY, IT IS ORDERED AND ADJUDGED that the Defendant’s Motion to Require a Physical Examination is GRANTED. The child shall submit to a gynecological examination under conditions set by this Court after further hearing. In the event that the child through her parents refuses to submit to such an examination, the State will be precluded from offering evidence of Dr. Norris’ physical examination and findings relating to the condition of the child’s hymen, [e.s.]
It is apparent from the face of the order that, while it purportedly compels the submission of the child to the examination, it provides no sanctions upon her or her parents if they refuse to adhere to that direction. To the contrary, it is specifically provided that if there is no examination, only the prosecution will suffer by the exclusion of a portion of its proffered case in chief. Insofar as the child’s interests are concerned, the order therefore simply informs the parents of the possible effect of a decision not to obey, an effect which cannot be personally coercive to them. See Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906). Particularly since we are not informed whether the parents indeed intend to voluntarily comply with the requirement, a decision which would obviously entirely moot the substantive issue of the trial court’s authority to require that it be done, we think that the issue is now presented on an entirely hypothetical basis and should not therefore be resolved at this time.
It is of course well-settled that an application for certiorari is addressed to the sound discretion of the reviewing court. Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla.1974); Jacksonville American Publishing Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672 (1940). Our discretionary determination to deny relief in this instance is firmly supported by Strain v. Miami Transfer Co., 155 So.2d 170 (Fla. 3d DCA 1963), cert. denied, 161 So.2d 216 (Fla.1964), in which we declined to entertain a petition seeking review of a ruling which actually ordered a third party to produce discovery, on the ground that the issue would not become perfected unless and until he violated the order and was *211 held in contempt. Accord Alexander v. United States, 201 U.S. at 117, 26 S.Ct. at 356, 50 L.Ed. at 686; cf. Dade County Medical Ass’n v. Hlis, 372 So.2d 117, 119 n. 1 (Fla. 3d DCA 1979) (exercising discretion to permit pre-contempt review). But cf. Diamond, 553 So.2d at 1185 (exercising discretion to review similar order). This case presents an a fortiori situation simply because it is clear that the parents will not in fact be held in contempt even if the purportedly compulsive order is disobeyed. In a broader sense, the most basic rules of judicial decision making which mandate that substantive issues, particularly significant ones like those presented here, should not be decided unless it is necessary to do so in order to dispose of the interests of the actual parties to the controversy, Pace v. King, 38 So.2d 823 (Fla.1949), militate strongly against issuing what would be only an advisory decision in this case. See Bryant v. Gray, 70 So.2d 581 (Fla.1954).
In sum, because (a) there is no present controversy actually affecting the prospective rights of the parties to whom the order is directed — that is, the child and her representatives — and (b) there will never be one between the state and the defendant if the direction is followed, we determine that certiorari is premature and should now be denied.[1] See Cousino v. State, 473 So.2d 777 (Fla. 3d DCA 1985); Dade County Medical Ass’n v. Hlis, 372 So.2d at 119 n. 1; Travelers Indemn. Co. v. Fields, 262 So.2d 222 (Fla. 1st DCA 1972); Strain v. Miami Transfer Co., 155 So.2d at 172; see also State Farm Mutual Auto. Ins. Co. v. Lenard, 531 So.2d 180 (Fla. 2d DCA 1988); Zebouni v. Toler, 513 So.2d 784 (Fla. 1st DCA 1987); Capitol Fidelity Fire Ins. Co. v. State ex rel. Dep’t of Ins., 478 So.2d 1105 (Fla. 1st DCA 1985).
Certiorari denied.

. This holding is expressly without prejudice to the state’s right to again seek review if the examination does not take place and a restrictive pretrial evidentiary ruling against the prosecution becomes effective. We hasten to emphasize, however, that for many of the reasons expressed in the body of this opinion, we express no view as to whether the relief indicated in the order below, that is, that "the State will be precluded from offering evidence of Dr. Norris’ physical examination and findings relating to the condition of the child’s hymen,” would be of sufficient significance to the state's case to justify review by certiorari at that time. See Wilson v. State, 520 So.2d 566 (Fla.1988); State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Keel, 557 So.2d 907 (Fla. 1st DCA 1990); State v. Weir, 569 So.2d 897 (Fla. 4th DCA 1990); State v. Sawyer, 561 So.2d 278 (Fla. 2d DCA 1990); State v. M.G., 550 So.2d 1122 (Fla. 3d DCA 1989), review denied, 551 So.2d 462 (Fla.1989).
It is all the more obvious that we express no opinion about the merits of a compulsory examination under the facts of this case.