COHEN, J.
Petitioner, Beau Bowin, seeks certiorari review of the trial court’s non-final order relating to his two motions to withdraw as counsel for Cheryl Molyneaux and Martin Molyneaux in a foreclosure action.[1] Leaving aside for now some concerns with the lower court’s ruling, we deny the petition without prejudice as there remains judicial labor to be performed on Petitioner’s attempts to withdraw from representation of the Molyneauxes.
*1198 The record reflects the parties disagreed as to the scope of the representation, and the Molyneauxes desired the litigation follow a path in conflict with that ordered by the trial court, particularly as it related to mediation. Additionally, the Molyneauxes disputed their financial responsibility to Petitioner, alleging the original retainer agreement had been altered, which was vigorously denied. Clearly, the relationship between attorney and client had become adversarial.
This Court has the authority to grant certiorari relief where a trial court’s non-final order denying a motion to withdraw as counsel departs from the essential requirements of the law, causing material injury that cannot be remedied on post-judgment appeal. See, e.g., Elton v. Dougherty, 931 So.2d 201, 208 (Fla. 5th DCA 2006); see also Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995) (discussing certiorari standard applicable to interlocutory orders).
In Fisher v. State, 248 So.2d 479 (Fla.1971), the supreme court explained:
We hold that in a civil case any attorney of record has the right to terminate the attorney-client relationship and to withdraw as an attorney of record upon due notice to his client and approval by the court. Approval by the court should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court. The approval of the court of such withdrawal will not relieve the attorney of any civil liability for breach of duty or negligence to his client nor from appropriate disciplinary procedures for such act, if it is wrongfully done.
Id. at 486.
At the time the trial court denied Petitioner’s first motion to withdraw, the Mo-lyneauxes had received due notice of Petitioner’s intent to withdraw from the case. No trial date had been scheduled and there was ample time for the Molyneauxes to obtain substitute counsel. Consequently, at that time it appears there was no reason for the trial court to believe that allowing Petitioner to withdraw would interfere with its orderly functioning. Cf. Atl. Commercial Dev. Corp. v. Nortek, Inc., 403 So.2d 624, 625 (Fla. 5th DCA 1981) (quashing trial court’s order denying motion to substitute counsel where case had not yet been scheduled for trial when motion was filed).
Petitioner, however, did not seek certiorari review of the trial court’s denial of his initial motion to withdraw. The trial court delayed in reducing to writing its oral denial of Petitioner’s original motion for over a month. It seems that because of the delay, Petitioner decided to file an amended motion to withdraw supported by an affidavit. This was not an unreasonable course of action. However, the trial court has now concluded that ruling on Petitioner’s amended motion should be deferred pending an evidentiary hearing on the issue. Consequently, the trial court has not completed its judicial labor on the issue and, thus, the matter is not ripe for this Court’s certiorari review. Cf. State v. Simmons, 581 So.2d 209, 210 (Fla. 3d DCA 1991) (finding issue not ripe for certiorari review).
Regardless of the outcome of the hearing below, it is difficult to fathom how this particular attorney-client relationship can continue. The trial court’s denial of the original motion to withdraw served to amplify the conflict that already existed between the parties. What was once solely an issue of the scope of the representation and the Molyneauxes’ resultant unwillingness to enter into a new retainer agree *1199 ment has now become an all-out attack by each party on the credibility of the other. As the supreme court aptly noted in Fisher:
The relationship of attorney and client is one involving great personal and professional integrity and responsibility on the part of the lawyer and an equal confidence and trust on the part of the client. Disclosures of a client to his attorney are equated with disclosures to a priest. They are protected by the law of the land and hundreds of years of tradition and precedent.... Such relationship requires absolute confidence in the lawyer by the client and an equal confidence in the client by his lawyer.
248 So.2d at 484. In this case, neither party has trust or confidence in the other any longer. However, because there remains judicial labor to be completed below, we must deny without prejudice the petition for certiorari review.
PETITION DENIED.
EVANDER and BERGER, JJ., concur.

. Although the Molyneauxes were provided the opportunity to respond to the instant petition, they have failed to do so other than a handwritten document filed by Cheryl Moly-neaux stating they have no money to pay for the appeal.