530 So.2d 1106 (1988)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Shirley LOVELL and Thomas Lovell, Respondents.
No. 88-637.
District Court of Appeal of Florida, Third District.
September 20, 1988.
Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler and Sharon Lee Stedman and Miguel Olivella, Jr., Orlando, for petitioner.
Horton, Perse & Ginsberg and Arnold Ginsberg, Herman M. Klemick, Miami, for respondents.
Before BASKIN and JORGENSON, JJ., and WARREN H. COBB, Associate Judge.
PER CURIAM.
Allstate Insurance Company [Allstate] seeks review by certiorari of an order compelling it to produce its entire claim file[1] pertaining to its insured, Shirley Lovell [Lovell], denying its motion to quash a subpoena duces tecum, and denying Allstate's motion to sever or abate Lovell's claim predicated on Allstate's alleged bad faith in refusing to settle under section 624.155(1)(b)(1), Florida Statutes (1985). We have jurisdiction. Martin-Johnson v. Savage, 509 So.2d 1097 (Fla. 1987); Fidelity & Cas. Ins. Co. v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987); Cowan v. Florida Dental Ass'n, Inc., 463 So.2d 285 (Fla. 4th DCA 1984).
Lovell suffered injuries in an automobile accident. She instituted a negligence action against the owner and driver of the other car and filed claims against Allstate, her own carrier, for underinsured motorist benefits and for bad faith failure to settle the claim. The trial court granted her motion for production of Allstate's claim file, despite Allstate's objections based on workproduct and attorney-client privilege.
*1107 We find that the trial court departed from the essential requirements of law when it required the insurer to produce its entire claim file prior to resolution of the coverage issue; we quash the order compelling production and denying Allstate's motion to quash the subpoena duces tecum. Allstate v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976); see Balboa Ins. Co. v. Vanscooter, 526 So.2d 779 (Fla. 2d DCA 1988); Allstate v. Swanson, 506 So.2d 497 (Fla. 5th DCA 1987). Cf. Fidelity Ins. Co. v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987) (insurer's claim file in first-party "bad faith" action, where issue of coverage has been resolved, is producible).
We also quash the trial court's order denying Allstate's motion to abate the "bad faith" claim. Although respondent correctly filed both the underinsured motorist and "bad faith" claims in one action, Schimmel v. Aetna Casualty & Sur. Co., 506 So.2d 1162 (Fla. 3d DCA 1987), abatement of the "bad faith" claim is appropriate.
Certiorari granted; orders quashed; remanded.
NOTES
[1] Respondent requested the following documents:

1. A complete copy of the entire claim file in the underinsured motorist claim of Shirley Lovell which is the subject of this suit.
2. All procedure and policy manuals; all written material; and inter-office or inter-company memorandum which are used by adjusters to adjust, investigate and evaluate uninsured motorist and underinsured motorist claims which were in effect.
In the subpoena duces tecum, respondent requested Allstate to:
BRING ENTIRE UNDERINSURED MOTORIST AND P.I.P. CLAIM FILES ON SHIRLEY LOVELL; ALL PROCEDURE AND POLICY MANUALS WHICH ARE USED BY G. TOWNSEND AND ALL ALLSTATE ADJUSTERS TO ADJUST, INVESTIGATE, AND EVALUATE UNINSURED AND/OR UNDERINSURED MOTORIST CLAIMS.