541 So.2d 1168 (1989)
Penelope R. KUJAWA, As Beneficiary of John A. Kujawa, Deceased, Petitioner,
v.
MANHATTAN NATIONAL LIFE INSURANCE COMPANY, Respondent.
No. 72388.
Supreme Court of Florida.
April 20, 1989.
*1169 Steven A. Edelstein of the Law Offices of Roland Gomez, Miami Lakes, for petitioner.
Richard M. Leslie, P.A., Brenton Ver Ploeg, Maxine M. Long and John K. Shubin of Shutts & Bowen, Miami, for respondent.
Diane H. Tutt, Fort Lauderdale, amicus curiae for Florida Defense Lawyers Ass'n.
Richard A. Barnett of Barnett & Hammer, P.A., Hollywood, amicus curiae for Academy of Florida Trial Lawyers.
Phillip E. Stano, and Michael Lovendusky, Washington, D.C., amici curiae for American Council of Life Ins. and American Ins. Ass'n.
PER CURIAM.
We review Manhattan National Life Insurance Co. v. Kujawa, 522 So.2d 1078 (Fla. 4th DCA 1988), to resolve conflict with Fidelity and Casualty Insurance Co. v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987), review denied, 528 So.2d 1181 (Fla. 1988). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent issued a life insurance policy on John Kujawa which named petitioner as beneficiary. After John was killed in an airline crash, respondent initially declined to pay. Petitioner sued on the policy and for bad faith processing of the claim under section 624.155(1)(b)1, Florida Statutes (1985). Respondent then paid on the policy. Petitioner served a request to produce all files pertaining to the handling of the claim and the trial court ordered production without regard to the attorney-client privilege or work product immunity. On appeal, the district court concluded there was no fiduciary relationship between the parties and that the statute creating the bad faith cause of action did not abolish the attorney-client privilege or work product immunity. The court held that respondent was entitled to the privilege and immunity to the same extent as any other litigant.
We have considered the arguments of the parties and amicus curiae and are persuaded that the district court was correct in concluding that an adversarial, not a fiduciary, relationship existed between the parties and that the legislature in creating the bad faith cause of action did not evince an intent to abolish the attorney-client privilege and work product immunity. We point out, as did the district court below, that the holding of absolute immunity from disclosure extends only to matters arising under the attorney-client privilege. Files protected by the work product immunity only may yield to inspection if an appropriate showing under rule 1.280(b)(2), Florida Rules of Civil Procedure, can be made. Even this rule, however, precludes discovery of attorney-client matters. We approve the decision below and disapprove Fidelity and Casualty Insurance Co.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
The legislative creation of a bad faith cause of action, section 624.155(1)(b), Florida Statutes (1985), is nullified if the claimant is denied discovery of the sole source of proof. I agree with the reasoning of Chief Judge Schwartz in Fidelity and Casualty Insurance Co. v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987), review denied, 528 So.2d 1181 (Fla. 1988), and would adopt the contrary rule that the insurer's good faith obligation to process claims establishes a fiduciary relationship with the insured, thus making the claim processing file discoverable under the bad faith count.