COWART, Judge.
Goforth was looking under the hood of the Harleys' stranded vehicle, parked on the shoulder of S. R. 50 about 500 feet west of a Seaboard Railroad crossing when a garbage truck, owned by Hatchers and operated by Leaf, crashed into the rear of the Harleys’ vehicle injuring the Harleys and killing Goforth. For a structured wrongful death settlement of $350,051 with Goforth’s survivors, and a $134,043.50 settlement with John Harley and a $15,806.50 settlemént with Janice Harley, the Goforth estate and the Harleys gave the truck driver and owner releases. The Goforth estate and the Harleys then sued Seaboard. Seaboard filed a third-party action for contribution pursuant to section 768.31, Florida Statutes, against the truck owner (Hatch-ers) and driver (Leaf). The truck owner and driver pleaded that the Goforth and Harley releases were given in good faith and discharged them from contribution to Seaboard under section 768.31(5), Florida Statutes. On the issue of good faith, the trial court granted summary judgment in favor of the truck owner and driver.
Seaboard appeals, arguing that the good faith of Goforth and the Harleys in giving their releases is essentially a question of intent not properly resolved on a motion for summary judgment, citing cases such as Metropolitan Dade County Transit Authority v. Simmons, 375 So.2d 858 (Fla. *483 3d DCA 1979), cert. denied, 386 So.2d 639 (Fla.1980) and Sobik’s Sandwich Shops, Inc. v. Davis, 371 So.2d 709 (Fla. 4th DCA 1979). However, in each of those cases, there were substantial damages ($60,000 in Metropolitan and $83,186.96 in Sobik’s) and the appellate court in those cases held in effect that the tort victim’s settlement with one of several tortfeasors for $1000 was, under the circumstances, some evidence of bad faith. This is an entirely different case. The amount of the settlements, for which the releases were given in this case, was substantial, totaling $499,-901, and constitutes some evidence of good faith. The deposition of the settling parties constitutes other evidence of good faith. At the hearing before the trial court on a motion for summary judgment, there was, thus, affirmative evidence that the releases were given in good faith and there was no evidence of collusion or any other evidence of bad faith. Under this state of the evidence, the summary judgment was proper. When, as here, there exists affirmative, competent, admissible evidence as to one side of an issue of fact, and no competent admissible evidence[1] to the contrary is properly before the court, summary judgment is proper. Landers v. Milton, 370 So.2d 368 (Fla.1979).
AFFIRMED.
ORFINGER and GOSHORN, JJ., concur.

. As distinguished from argument, rhetoric, speculation, and contentions of counsel.