550 So.2d 156 (1989)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Josephine MELENDEZ, Respondent.
No. 89-1420.
District Court of Appeal of Florida, Fifth District.
October 19, 1989.
*157 Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Professional Ass'n, Orlando, for petitioner.
No appearance for respondent.
PER CURIAM.
Petitioner, an automobile insurance carrier defending an action brought by one of its own insured, seeks certiorari review of an order denying a motion to abate two counts of the insured's complaint. The insured-respondent, Josephine Melendez, sustained personal injuries as a result of an automobile accident. The insurance carrier paid for all of the insured's medical bills except for those relating to chiropractic care. The insured filed a three count amended complaint against the insurance carrier. The first count claims coverage for the unpaid medical bills while counts two and three allege the insurance carrier's bad faith dealings for which punitive damages are sought.
Petitioner sought to abate the bad faith claim until after the resolution of the coverage issue. The trial court by order denied the motion to abate.
Section 624.155, Florida Statutes (1987), allows an insured to bring an action against her own insurance carrier for not attempting in good faith to settle claims when it should have done so had it acted fairly and honestly towards the insured. See Opperman v. Nationwide Mutual Fire Insurance Co., 515 So.2d 263 (Fla. 5th DCA 1987), review denied, 523 So.2d 578 (Fla. 1988). The insurance carrier asserts that abatement of the bad faith claim is proper because it is premature until there has first been a determination that the insured has a right to the benefits alleged in the coverage claim. The primary case relied on by the insurance carrier, Allstate Insurance Co. v. Lovell, 530 So.2d 1106 (Fla. 3d DCA 1988), held that abatement of a bad faith claim was appropriate until after the coverage claim was resolved. In Lovell, the Third District held that the trial court had erred in requiring the insurer to produce for discovery its entire claim file prior to resolution of the coverage issue. At the time Lovell was decided, the Third District had previously held that an insured was entitled to the insurer's claim file in discovery relating to the bad faith action but was not entitled to the claim file in an action to determine a coverage issue. See Allstate Insurance Co. v. Shupack, 335 So.2d 620 (Fla. 3d DCA 1976).
The rationale behind the Lovell case is no longer applicable in light of the holding by the Supreme Court of Florida in Kujawa v. Manhattan National Life Insurance Co., 541 So.2d 1168 (Fla. 1989). In Kujawa, the Supreme Court held that in a first party bad faith action, an adversarial, not a fiduciary, relationship exists between the insured and the insurance carrier, and that the legislature in creating the first *158 party bad faith cause of action did not intend to abolish the attorney/client privilege and work product doctrine. The Supreme Court of Florida specifically disapproved a decision of the Third District, which had held that an insurance carrier's claim file was discoverable in a first party bad faith action. See Fidelity and Casualty Insurance Co. v. Taylor, 525 So.2d 908 (Fla. 3d DCA 1987), disapproved, Kujawa, supra.
Based on the Florida Supreme Court's holding in Kujawa, it is not only proper to join a first party bad faith claim with a coverage claim, but it also appears that abatement is not necessary because the insured is not entitled to a broader scope of discovery in the first party bad faith cause of action. See State Farm Mutual Automobile Insurance Co. v. Kelly, 533 So.2d 787 (Fla. 4th DCA 1988) (no departure from the essential requirements of law in denying motion to abate bad faith claim). Even the Third District in one of its decisions issued prior to Kujawa noted that abatement of a first party bad faith claim would not be necessary if the insurance carrier's file was not discoverable in the bad faith cause of action. See Colonial Penn Insurance Co. v. Mayor, 538 So.2d 100, 101 n. 4 (Fla. 3d DCA 1989).
In the instant case, the trial court in denying the motion to abate nevertheless ruled that the trial of the insured's action would be bifurcated, with the coverage issue to be tried first. This procedure is proper, and does not constitute a departure from the essential requirements of law. Therefore, the petition for certiorari review is denied.
CERTIORARI DENIED.
DANIEL, C.J., and DAUKSCH and COBB, JJ., concur.