COBB, Judge.
Petitioner, General Accident Insurance Company, seeks certiorari review of a lower court order requiring General Accident to produce its underwriting and claim files without regard to whether or not those files contain information falling under the work product privilege. The plaintiff in the lower court, American Mutual Insurance Company, filed a two count complaint against General Accident, the primary carrier, alleging common law and statutory bad faith.
The trial court found that the cases of Kujawa v. Manhattan National Life Insurance Company, 541 So.2d 1168 (Fla.1989) and State Farm Mutual Automobile Insurance Company v. Jones, 544 So.2d 1172 (Fla. 5th DCA 1989) are not applicable to the instant facts, apparently on the basis that the former decision involved life insurance rather than accident insurance, and that the latter opinion was factually unclear. We find that the work product privilege does apply to the instant ease, and that Kujawa and State Farm are controlling. See also, Royal Insurance Company of America v. Zayas Men’s Shop, Inc., 551 So.2d 553 (Fla. 3d DCA 1989); Allstate Insurance Co. v. Melendez, 550 So.2d 156 (Fla. 5th DCA 1989).
Accordingly, we grant the petition for certiorari review and quash the order of the trial court, which requires production of underwriting and claim files irrespective of any work product privilege. See Fla.R.Civ.P. 1.280(b).
*415 ORDER QUASHED; CAUSE REMANDED.
DANIEL, C.J., and W. SHARP, J., concur.