566 So.2d 54 (1990)
Michael A. BLANK, Petitioner,
v.
Steven S. MUKAMAL, Stephen Singer, Philip J. Kleiner, Jonathan E. Avirom, Isaac Fromm, Jerald B. Serviss, Martin L. Rothstein, Henry S. Dogin, Jeffrey P. Fogelson, Martin B. Danziger, Robert D. Rivkind, Oscar Levin, Carl M. Shusterman, Kehrela M. Hodkinson, and Robert Lieber, Each Individually and As Partners of Barst & Mukamal, a New York General Partnership, and Barst & Mukamal, a New York Partnership, Respondents.
No. 90-1265.
District Court of Appeal of Florida, Fourth District.
August 29, 1990.
Daniel A. Hershman of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for petitioner.
John L. Britton of Fine Jacobson Schwartz Nash Block & England, Fort Lauderdale, for respondents.
PER CURIAM.
Petitioners seek review by certiorari of an order requiring production of the entire files of the petitioner's former counsel. Certiorari will lie to review an order to produce for discovery privileged information where material is protected by the attorney-client privilege. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
The petition for writ of certiorari is granted, and the trial court's order of April 11, 1990, is quashed. Cf. Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329, 332 (Fla. 3d DCA 1983).
The trial court is directed to examine in camera the petitioner's former counsel's file of his representation of petitioner. The court shall select for potential production only items that are not privileged. Bearing in mind the content of former counsel's testimony before the United States magistrate, *55 the court shall further select those items that are closely related to that testimony, and for which the attorney-client privilege has thus been waived.
Finally, the court shall apply the rules governing discovery to determine which of the items selected should be produced for discovery.
ANSTEAD and STONE, JJ., concur.
LETTS, J., dissents without opinion.