573 So.2d 928 (1991)
INTERNATIONAL ACTION SPORTS, INC., Appellant,
v.
Lorraine SABELLICO, et al., Appellees.
Nos. 89-1862, 89-2104.
District Court of Appeal of Florida, Third District.
January 8, 1991.
Rehearing Denied February 20, 1991.
Stephens, Lynn, Klein & McNicholas and Robert M. Klein and Philip D. Parrish, Miami, for appellant.
Howland and Krieger and Mark Freeman, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
SCHWARTZ, Chief Judge.
Contrary to the ruling below, we hold that an alleged joint tortfeasor's settlement with the plaintiff was not made in good faith under section 768.31(5), Florida Statutes (1989) so as to bar a non-settling party's contribution claim.
While attending an event at the Miami Beach Convention Center in 1983, five year old Christine Sabellico dropped the hand of her seventeen year old aunt, Lorraine Sabellico, and climbed on top of a pick-up truck which was on display. She fell off the truck onto her head and was devastatingly injured. Based on an alleged failure to safeguard the area, she and her parents sued the present appellant, International *929 Action Sports, Inc., the promoter of the event, and other corporations which were allegedly responsible for her injuries. For reasons of strategy, and because they did not wish to sue a family member, they did not name Lorraine as a co-defendant, although she was protected by an Aetna homeowners liability policy with $50,000 limits. International, however, did file a third party action for contribution against Lorraine under the Uniform Contribution Among Tortfeasors Act, section 768.31(2), Florida Statutes (1989),[1] on the theory that she had negligently supervised the child[2] and was thus liable as a joint tortfeasor. The primary action on behalf of the child against International and the International third party case against Lorraine went to a jury trial in 1988. Just prior to the submission of the case to the jury, and although the four year statute of limitations had already run as to the child's direct claim against Lorraine, Aetna's lawyers, who were defending her, purported at once to "waive" the statutory bar and simultaneously to be released from that very claim in return for a payment to Christine of $5,000. Insofar as the jury was concerned, Lorraine was thereupon dropped as a party. It subsequently returned a verdict of 1.5 million dollars against International.[3] This appeal is from a post-trial order dismissing International's third party case against Lorraine holding that the $5,000 settlement was "given in good faith" and therefore "discharge[d] the tortfeasor [Lorraine] to whom it [was] given from all liability for contribution to any other tortfeasor [International Action Sports]." § 768.31(5)(b), Fla. Stat. (1989).[4] We reverse upon a holding that as a matter of law the release given in these circumstances could not have been and was not made "in good faith."
It is plain that the settlement did not represent, as required, a "good faith determination of [the] relative liabilities [of the parties]." Commercial Union Ins. Co. v. Ford Motor Co., 640 F.2d 210, 213 (9th Cir.1981), cert. denied, 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 154 (1981). To the contrary, on the one hand, the $5,000 "consideration" was plainly not a legitimate evaluation of Lorraine's exposure to the child since, because the limitations period had undoubtedly expired, absolutely no such liability existed. See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal.3d 488, 213 Cal. Rptr. 256, 698 P.2d 159 (1985).[5] On the other, the $5,000 was the proverbial pittance in comparison to the actual value of the claim against Lorraine if it had been brought,[6]  and, more important, to the value *930 of International's contribution claim against Lorraine which the trial court erroneously held was precluded by the release.[7]
Taking, as we must, all these circumstances into consideration, it is self-evident  and Lorraine's and Aetna's counsel frankly admitted at oral argument[8]  that the only purpose of Aetna's $5,000 payment to Christine was to eliminate Lorraine's unlimited and Aetna's $50,000 exposure on International's contribution claim. By definition, such a situation cannot qualify under section 768.31(5) since, as we view it, the act requires that the settling parties act in good faith with respect to the nonsettling ones.[9] See Commercial Union, 640 F.2d at 210; Tech-Bilt, 38 Cal.3d at 488, 213 Cal. Rptr. at 256, 698 P.2d at 159; River Garden Farms, Inc. v. Superior Court, 26 Cal. App.3d 986, 103 Cal. Rptr. 498 (1972).
Looking at the issue from a broader but perhaps more appropriate perspective, it is clear that the instant settlement furthers neither of the inherently contrary principles which the Uniform Act is designed to serve: a fair distribution of the rights and obligations of responsible parties and the encouragement of settlements. Frier's Inc. v. Seaboard Coastline R.R., 355 So.2d 208 (Fla. 1st DCA 1978), cert. dismissed, 360 So.2d 1250 (Fla. 1978). It is first apparent that the elimination of the contribution claim against Lorraine precludes any assessment at all, let alone a reasonable one, of her relative responsibility, if any, for the tragic accident. Second, there was no bona fide settleable controversy at all between Christine and Lorraine until it was collusively resurrected for the sole purpose of immediately eliminating it in order to serve the ulterior purpose of destroying the contribution claim. Thus, the tension which ordinarily arises between the two objects of the statute does not exist at all because neither principle was served by the transaction before us.
As the court said in Commercial Union:
This court is bound by these two goals of California law[10]  equity and settlement. "[I]f the policy of encouraging settlements is permitted to overwhelm equitable financial sharing, the possibilities of unfair tactics are multiplied. Neither statutory goal should be applied to defeat the other." River Garden Farm, supra, at 998, 103 Cal. Rptr. 498. Hence, the expansion of § 877 to prevent a party from seeking indemnification from another should apply only when the policy of settlement has been furthered and a settlement is made in good faith.
* * * * * *
Section 877 applies to settlement made in good faith only. Individuals not participating in the settlement are barred from seeking contribution only if the settling parties acted in good faith with respect to them. Hence, good faith of the dismissal alone is not sufficient. The dismissal must represent a settlement which is a good faith determination of relative liabilities. Only in this situation are both policies behind § 877  equity and settlement furthered.
Commercial Union, 640 F.2d at 213; see also Diaz v. Sears, Roebuck & Co., 475 So.2d 932 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986); Sobik's, 371 *931 So.2d at 709. See generally Frier's, 355 So.2d at 208. It is beyond peradventure that this settlement does not conform to these standards.
Accordingly, the order below is reversed for reinstatement and appropriate disposition of International's third party contribution claim.
Reversed.
NOTES
[1] 768.31 Contribution among Tortfeasors. 

(1) SHORT TITLE.  This act shall be cited as the "Uniform Contribution Among Tortfeasors Act."
(2) RIGHT TO CONTRIBUTION. 
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
[2] See Johnson v. School Bd. of Palm Beach County, 537 So.2d 685 (Fla. 4th DCA 1989); Chinos Villas, Inc. v. Bermudez, 448 So.2d 1179 (Fla. 3d DCA 1984); Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1981), quashed in part, 414 So.2d 1063 (Fla. 1982); Alves v. Adler Built Industs., 366 So.2d 802 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 342 (Fla. 1979).
[3] This direct case against International has since been settled.
[4] RELEASE OR COVENANT NOT TO SUE.  When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
* * * * * *
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
[5] The plaintiff's attorney correctly characterized the $5,000 as "found money" which he had no reason whatever to refuse.
[6] The gross "value of the case" was variously estimated at from $175,000 up. All admitted that, if Lorraine had been the only solvent defendant, the case had a settlement value as against her of far more than the $50,000 limits. Compare Fuquay v. General Motors Corp., 518 F. Supp. 1065 (M.D.Fla. 1981) (settlement for policy limits "in good faith") with Sobik's Sandwich Shops, Inc. v. Davis, 371 So.2d 709 (Fla. 4th DCA 1979) (settlement for $1,000 after damage award of $83,000 not in "good faith").
[7] In the actual event, the $5,000 award was equivalent to a conclusion that Lorraine was .33% responsible for the plaintiff's jury-assessed damages of $1,500,000.
[8] Counsel apparently felt comfortable in making this concession because of the assumption that the applicable rule of law was that stated in Dompeling v. Superior Court, 117 Cal. App.3d 798, 173 Cal. Rptr. 38 (1981):

The settling parties owe the nonsettling defendants a legal duty to refrain from tortious or other wrongful conduct; absent conduct violative of such duty, the settling parties may act to further their respective interest without regard to the effect of their settlement upon other defendants. [e.s.]
Dompeling, 117 Cal. App.3d at 809-810, 173 Cal. Rptr. at 45. This formulation however, was specifically disapproved by the California Supreme Court in Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal.3d 488, 497-98, 213 Cal. Rptr. 256, 262, 698 P.2d 159, 165 (1985) in favor of the contrary rule which we adopt here.
[9] See supra note 8.
[10] Both California's Code Civ.Proc. § 877 and Florida's § 768.31 adopt the Uniform Contribution Among Tortfeasors Act.