614 So.2d 1213 (1993)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Petitioner,
v.
Kimberly F. CREWS, Respondent.
No. 92-3498.
District Court of Appeal of Florida, Fourth District.
March 10, 1993.
Robert C. Gobelman of Gobelman and Love, Jacksonville, for petitioner.
Robert M. Moletteire of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Merritt Island, for respondent.
GUNTHER, Judge.
In this bad faith action brought by its insured, Crews, USAA seeks certiorari review of the trial court's order directing USAA to produce, pursuant to Crews' request, certain documents in USAA's claim file (numbered 7-61). We grant the petition for writ of certiorari.
Certiorari is a method of reviewing pretrial orders granting discovery where the order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceedings below and leaving no adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987). An order which improperly compels discovery of information privileged pursuant to the attorney-client privilege is reviewable by certiorari. Blank v. Mukamal, 566 So.2d 54 (Fla. 4th DCA 1990).
The order on review was entered following a hearing on Crews' motion for determination of attorney-client privilege. Agreeing with Crews' argument, the trial court determined that since the attorney-client privilege did not protect the communications between USAA's claims adjustor and his supervisors, "in-house" counsel, an in camera inspection of the documents was unnecessary. USAA, in arguing that the trial court departed from the essential requirements of law, correctly states that the law is well-settled that any communication *1214 to which the attorney-client privilege attaches is absolutely immune from disclosure. Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla. 1989). In Kujawa, the supreme court expressly approved of this court's opinion in Manhattan National Life Insurance Co. v. Kujawa, 522 So.2d 1078 (Fla. 4th DCA 1988). This court's Kujawa opinion makes clear that whether all or a portion of the matter sought to be discovered is protected by the attorney-client privilege is a matter for the trial court's determination. Writing for the majority, Judge Owen stated:
We hold that an insurer which is not in a fiduciary relationship to its insured and against which a cause of action is brought under section 624.155 is entitled to protection against production of its legal department file (and its claim file by whatever name) on the basis of both work product immunity and attorney-client privilege to the same extent as any other litigant.
522 So.2d at 1080.
In affirming this court's Kujawa opinion, the supreme court stated that the district court was correct in concluding that an adversarial, not fiduciary, relationship existed between the parties and that the legislature in creating the bad faith cause of action did not evince an intent to abolish the attorney-client privilege. 541 So.2d at 1169. In addition, the supreme court pointed out that the holding of absolute immunity from disclosure extends only to matters arising under the attorney-client privilege. Id. Even rule 1.280(b)(3), Florida Rules of Civil Procedure, precludes discovery of attorney-client matters. Id. Clearly, if documents ordered produced are protected attorney-client matters, they are absolutely immune from disclosure.
We agree with USAA's assertion that the trial court departed from the essential requirements of the law in ruling that in camera inspection of the documents was unnecessary because the attorney-client privilege did not attach to the documents between the claims adjustor and his supervisors, the "in-house" counsel. The trial court ruled, inter alia, that "based upon the deposition of Phil Bonard, the affidavits of James Smith and James Nussbaum and the answers to interrogatories filed by the defendants on October 29, 1992, which contained the job descriptions of the `in-house counsel,' there has not been evidence presented that would be sufficient to raise the attorney-client privilege."
Contrary to the trial court's ruling, the evidence clearly established that the "in-house" counsel, at least some of the time, were functioning as attorneys, giving protected legal advice to USAA. Precisely which documents were produced by "in-house" counsel in their legal or nonlegal capacity was disputed by Crews. Thus, the only way the trial court could determine what documents, if any, were protected by the attorney-client privilege was to conduct an in camera inspection of the documents in question. Compare Rossi v. Blue Cross And Blue Shield Of Greater New York, 73 N.Y.2d 588, 542 N.Y.S.2d 508, 540 N.E.2d 703 (1989). Consequently, the trial court in this case erred in failing to view the documents in camera. It is also interesting to note that at the hearing on the motion to determine the attorney-client privilege, Crews requested that the trial court conduct an in camera inspection of the documents because she thought it was required, but Crews now takes a contrary position.
We grant the petition for writ of certiorari and remand for an in camera inspection of the documents.
WARNER, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring.
I concur with Judge Gunther's opinion, but with the understanding that  as her opinion makes clear  the trial judge is entitled after reviewing the documents in camera to find that there is no privilege as to any of them. I have grave doubts that there could be any privilege in the later bad faith action as to ordinary communications in the earlier personal injury case between the defense lawyer and the carrier supplying *1215 the defense. Simply because the adjustor and supervisory adjustor at the home office happen to be lawyers does not convert their discussions with trial counsel about strategy and tactics in the personal injury case into privileged communications in a later bad faith action.
I should think that that privilege is reserved for those discrete communications occurring between the carrier and counsel specifically asked to assess the case from a bad faith standpoint. Routine strategy/tactics communications during the personal injury case generally do not fall into that class, in my opinion. The trial judge in the later bad faith action should generally, however, at least look at those communications in camera to ascertain that they do actually fit into that class before deciding the claim of privilege issue.