641 So.2d 175 (1994)
AMERICAN STATES INSURANCE COMPANY, Petitioner,
v.
KRANSCO, a foreign corporation, et al., Respondents.
No. 94-1314.
District Court of Appeal of Florida, Fifth District.
August 12, 1994.
*176 Ava F. Tunstall of Dean, Ringers, Morgan and Lawton, Orlando, for petitioner.
David C. Goodwin of Parker, Johnson, Goodwin, McGuire & Burke, P.A., Orlando, for respondents.
COBB, Judge.
American States Insurance Co. (ASI), insurer of defendants Jayme and Carol Jacobs in a personal injury action, petitions this court for a writ of certiorari. On grounds of work product and attorney-client privilege ASI challenges the trial court's order requiring production of its claim files. Production was sought below by respondents Wal-Mart and Kransco, additional party defendants who filed a cross-claim against the Jacobses for contribution after the Jacobses had settled with plaintiff Robert Goldstein and secured a release.
Goldstein, while a guest at the Jacobses' home, sustained a cervical injury after diving on a Wham-o Slip `N' Slide that the Jacobses had purchased at a Wal-Mart. The damage to his spinal cord left him with "incomplete quadriplegia." He filed suit against the Jacobses, Wal-Mart, and Kransco, the manufacturer of the Wham-o Slip `N' Slide. The maximum coverage under the Jacobses' homeowner's policy with ASI was $300,000.
ASI, on behalf of the Jacobses, settled with Goldstein for $135,000. In return, ASI received a complete release for the Jacobses and itself. That release, however, specifically excepted Goldstein's legal claims against Wal-Mart and Kransco. Wal-Mart and Kransco then filed a cross-claim against the Jacobses for contribution. See § 768.31, Fla. Stat. (1993).
At issue in the contribution cross-claim is whether ASI on the Jacobses' behalf secured a release from Goldstein in good faith or bad faith. Section 768.31(5) provides that when a release is given to one or more tortfeasors in "good faith," these tortfeasors are discharged "from all liability for contribution to any other tortfeasor." See generally Gold, Vann & White, P.A. v. DeBerry, 639 So.2d 47 (Fla. 4th DCA 1994) (discussing operation of and shifting burdens of proof in section 768.31(5) with regard to releases).
After ASI moved for summary judgment in the cross-claim action, Wal-Mart and Kransco initiated discovery against ASI to ascertain whether the settlement and release were procured by ASI in good faith. Specifically, by way of a deposition duces tecum and motion to compel, they sought, inter alia, production of ASI's claim files. ASI, however, objected on grounds of work product immunity and attorney-client privilege. The trial court subsequently entered its order granting Wal-Mart and Kransco's motion to compel. ASI now seeks certiorari review of that order.
ASI in its petition argues that the trial court's order granting discovery of its claim files constituted a departure from the essential requirements of law and that no adequate remedy exists on appeal. Citing Kujawa v. Manhattan Nat'l Life Ins. Co., 541 So.2d 1168 (Fla. 1989), ASI argues that the contents of its claim files are entitled to protection on grounds of work product and attorney-client privilege. See also State *177 Farm Mut. Auto. Ins. Co. v. LaForet, 591 So.2d 1143 (Fla. 4th DCA 1992); General Accident Ins. Co. v. American Mut. Ins. Co., 562 So.2d 414 (Fla. 5th DCA 1990). ASI points out that under Kujawa the attorney-client privilege provides immunity from disclosure to documents falling under it and that materials entitled to protection as work product may be discovered only upon an adequate showing under Florida Rule of Civil Procedure 1.280(b)(2). ASI further points out that under Kujawa even an adequate showing under rule 1.280(b)(2) will not permit disclosure of documents entitled to the attorney-client privilege.
In response, Wal-Mart and Kransco principally argue that ASI's reliance on Kujawa is misplaced. They point out that while Kujawa concerned discovery in a first-party bad faith action in which the parties shared an adversarial relationship, the instant case involves whether, in a claim for contribution, a release was given in good faith to remove parties from a lawsuit. According to them, the contribution statute "creates a quasi-fiduciary relationship" among the Jacobses, Wal-Mart and Kransco.
We agree with ASI, and reject the attempt to distinguish Kujawa on the basis that it involved a first-party bad faith action rather than a claim for contribution. That distinction is specious since both Kujawa and the instant case concern the propriety of the discovery of an insurance company's claim files in attempting to prove the company's bad faith. Kujawa held that "the legislature in creating the bad faith cause of action did not evince an intent to abolish the attorney-client privileges and work product immunity." 541 So.2d at 1169. Agreeing with the district court that "an adversarial, not a fiduciary, relationship existed between the parties," the supreme court also agreed that the insurance company "was entitled to the privilege and immunity to the same extent as any other litigant." Id. (Emphasis added).
Section 768.31(5), Florida Statutes requires that the settling parties act in good faith with respect to the non-settling ones. International Action Sports, Inc. v. Sabellico, 573 So.2d 928 (Fla. 3d DCA 1991), rev. denied, 583 So.2d 1036 (Fla. 1991). This good faith, however, consists of a good faith determination of relative liabilities. Id. See Seaboard Sys. R.R., Inc. v. Goforth, 545 So.2d 482 (Fla. 5th DCA 1989), rev. denied, 553 So.2d 1166 (Fla. 1989) (substantial settlement for which release was given was evidence of good faith). Kransco and Wal-Mart can establish bad faith without resort to privileged communications or evidence.
Kransco and Wal-Mart express concern that ASI will claim that the release and settlement were given in good faith and that the rationale therefore is based upon conversations or communications not subject to disclosure. This concern, however, is unfounded. If the contribution issue goes to trial, the burden would shift to Wal-Mart and Kransco to prove "bad faith" only if ASI first makes a prima facie showing of good faith under section 768.31(5), Florida Statutes. Gold, Vann & White, P.A. v. DeBerry. If ASI attempts to affirmatively show good faith by disclosing its basis for settlement, it may waive its privileges. See Martin v. Paunovich, 632 So.2d 611 (Fla. 5th DCA 1993). If ASI refuses to disclose its basis for settlement, it may fail to show good faith; at least, it would allow Kransco and Wal-Mart to attack its possible motivations.
We grant the petition for certiorari and quash the discovery order entered below.
GOSHORN and DIAMANTIS, JJ., concur.