[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13201
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-02920-TCB

ERIC RAYMOND WILLIAMS,

Plaintiff-Appellant,

versus

A. SLACK,
Correctional Officer II,
J. CARR,
Correctional Officer II,
SGT. JACKSON,
C. O. II MCCORD,
C. O. I JONES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 23, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Eric Raymond Williams appeals the district court's grants of summary judgment to Officers Arzialous Slack, Joseph Jones, Eric Jackson, Jeremiah Carr, and Joseph McCard on his 42 U.S.C. § 1983 complaint alleging that they used excessive force against him in violation of the Eighth Amendment. On appeal, Williams contends that the district court abused its discretion by deeming the defendants' statements of material facts admitted because he filed a response and objection to the defendants' motions for summary judgment. Williams also argues that the district court erred by then granting the officers' motions for summary judgment because there were genuine issues of material fact regarding the officers' alleged use of excessive force. We address each argument in turn.

## I. Northern District of Georgia Local Rule 56.1

We review a district court's application of its local rules for an abuse of discretion, finding such abuse only when the plaintiff demonstrates that the district court made a clear error of judgment. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009).

Federal Rule of Civil Procedure 56 requires a party asserting that a fact is genuinely disputed to support his assertion by citing to specific materials in the

record, and a failure to do so allows the district court to consider the facts as undisputed for purposes of the motion for summary judgment. Fed.R.Civ.P. 56(c)(1)(A), (e)(2). Similarly, Northern District of Georgia Local Rule 56.1 "demands that the non-movant's response [to a motion for summary judgment] contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts." *Mann*, 588 F.3d at 1302-03 (holding that plaintiffs' response failed to comply with local rule 56.1 because it was "convoluted, argumentative, and non-responsive"); *see also* N.D. Ga. R. 56.1(B)(2)(a).

> Where the party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to Local Rule 56.1B(2), such fact is deemed admitted by the respondent.

*Mann*, 588 F.3d at 1302.

In applying Local Rule 56.1 at the summary judgment stage, the district court should "disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). A Local Rule 56.1 statement, however, "is not itself a vehicle for making factual assertions that are otherwise unsupported in the

record," and, therefore, we must still review the materials submitted by the movant "to determine if there is, indeed, no genuine issue of material fact." *Id.* at 1303 (quotation omitted).

Additionally, although the Supreme Court has "insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed," the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993).

In this case, Williams has failed to demonstrate that the district court made a clear error of judgment in applying Local Rule 56.1 to deem the defendants' statements of material facts as admitted. Local Rule 56.1 is an ordinary procedural rule of civil litigation that we do not interpret "so as to excuse mistakes by those who proceed without counsel." *McNeil*, 508 U.S. at 113, 113 S. Ct. at 1984. Williams's response to the motions for summary judgment did not "contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts." *Mann*, 588 F.3d at 1302. Neither did the response directly refute the material facts set forth in the movants'

statements of material facts with specific citations to evidence, and it otherwise failed to state a valid objection to the material facts.

## II. Motion for Summary Judgment

We review a district court's grant of summary judgment *de novo*, considering the facts and drawing reasonable inferences in the light most favorable to the non-moving party. *Mann*, 588 F.3d at 1303. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mann*, 588 F.3d at 1303 (quotation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* (quotation omitted).

The use of force in a custodial setting does not violate the Eighth Amendment "as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (quotation and alteration omitted). To determine whether force was applied maliciously and sadistically to cause harm, we consider: (1) the need for the application of force, (2) the relationship between that need and the amount of force used, (3) the extent of the

5

prisoner's injuries, (4) the threat reasonably perceived by the officials, and (5) efforts made to temper the severity of the force. *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007). In considering these factors, we give "a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Id.* (quotations and alteration omitted).

We affirm the district court's grant of summary judgment to Officer Jackson because Williams concedes, and the evidence demonstrates, that he was not on duty on the date of the incident, and, therefore, did not participate in the events giving rise to Williams's complaint. We also conclude that the district court did not err in granting the remaining defendants' motions for summary judgment because the undisputed evidence demonstrates that they did not act maliciously or sadistically to harm Williams. Instead, the officers acted to restore order and preserve discipline at the scene of a disturbance.

First, the admitted evidence established that Williams created a disturbance, and "[p]rison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Cockrell*, 510 F.3d at 1311 (quotation omitted). Taking the evidence as elucidated in the defendants' statement of material facts, the altercation occurred because Williams

6

rushed at Officer Slack and engaged in a physical altercation with him. The other inmates who were roaming the prison dormitory became agitated and raucous and began threatening the officers when Williams and Slack began to tussle. Thus, there was a need for force to restrain Williams and to remove Williams from the volatile situation in the dormitory. *See Cockrell*, 510 F.3d at 1311.

Second, the force that the officers employed was proportionate to the need for that force. *See id.* The officers restrained Williams and acted to expeditiously remove him from the dormitory. Accordingly, they handcuffed him, placed him in leg restraints, carried him down the stairs, and then pulled him outside of the dormitory. Officer Jones concedes that his knee might have contacted Williams while Jones was attempting to handcuff him. However, he states that he did not knee Williams in the side for the purpose of causing him harm, and this statement was deemed admitted pursuant to Local Rule 56.1. Thus, even if Officer Jones's knee hit Williams in the side three times during the altercation, such impacts alone do not prove that Officer Jones's actions were malicious or sadistic.

Furthermore, Williams's assertions that he was beaten in the back of the head by numerous officers, thrown down the stairs, and stomped on the knee by Officer McCard, are blatantly contradicted by the defendants' statements of material facts, and the district court, therefore, properly disregarded them. *See*

7

*Reese*, 527 F.3d at 1268. The properly considered evidence indicates, instead, that Williams was restrained and then accidentally dropped on the stairs because the altercation aggravated a preexisting injury in Officer Slack's hand and because Williams was "bucking."

On appeal, Williams contends that he never posed a threat to the officers' safety or to his own safety. However, Williams's assertion mischaracterizes the nature of the threat to the officers and to Williams. As Officer Carr stated in his declaration, it was necessary to remove Williams from the dormitory as quickly as possible because both the officers and Williams were vulnerable to attack from other inmates while Williams was restrained. This Court gives great deference to prison officials acting to preserve discipline and security, especially when they make decisions at the scene of a disturbance, and thus the amount of force used was proportionate to the need for force. *See Cockrell*, 510 F.3d at 1311.

Third, Williams suffered relatively minor injuries consisting of abrasions and swelling. The minimal nature of those injuries indicates that the officers did not use force maliciously and sadistically to harm Williams. *See Cockrell*, 510 F.3d at 1311. Although Williams alleged that his ribs were fractured, that contention is not supported by the evidence. Furthermore, contrary to Williams's

8

assertions, there is no reason to believe that only an orthopedic specialist could identify a fracture from an x-ray that a radiologist could not.

Fourth, given that were approximately 50 inmates freely roaming the dormitory at the time of the altercation, and those inmates began to yell and threaten the officers, the defendants reasonably perceived that the situation in the dormitory was becoming dangerous and volatile. Thus, the undisputed evidence indicates that the officers' use of force was in response to the dangerous and volatile situation that they perceived. *See Cockrell*, 510 F.3d at 1311.

Fifth, the undisputed evidence indicates that the officers acted to temper the use of their force. It is undisputed that the officers placed handcuffs and leg restraints on Williams rather than using more forceful methods of restraint. *See, e.g.*, *Campbell v. Sikes*, 169 F.3d 1353, 1376-78 (11th Cir. 1999) (upholding officials' use of an "L" shaped restraint for "hog-tying" in addition to a straightjacket). Additionally, the officers verbally instructed Williams to stop "bucking," but he did not comply. Further, as discussed above, the undisputed evidence contradicts Williams's allegations of being punched and kicked in the head and back by numerous officers and then thrown down nine steps. Accordingly, even if the officers could have used alternative methods to achieve their goal of restraining and transporting Williams quickly, the evidence fails to

9

demonstrate that they chose their course of conduct to maliciously or sadistically inflict harm on Williams.  *See Cockrell*, 510 F.3d at 1311.

Finally, based on our holding that the defendants were entitled to summary judgment, we need not consider their arguments that they were entitled to qualified immunity.  Therefore, upon review of the record and consideration of the parties' briefs, we affirm the district court's grant of summary judgment to the defendants.

**AFFIRMED.**