**Freddie APONTE, Plaintiff,**

v.

**ROYAL CARIBBEAN CRUISES, LTD., Defendant.**

**Civil Action No. 15-21854-Civ-Scola**

United States District Court, S.D. Florida.

Signed 09/14/2016

---

Freddie Aponte, Orlando, FL, pro se.

Glenn J. Holzberg, Law Offices of Glenn J. Holzberg, Miami, FL, for Plaintiff.

Jeffrey Eric Foreman, Jenna Francine Gushue, Amanda Jean Sharkey Ross, Foreman Friedman PA, Miami, FL, for Defendant.

### Order on Cross Motions for Summary Judgment

Robert N. Scola, Jr., United States District Judge

According to the remaining count in Plaintiff Freddie Aponte's complaint, he was "seriously injured when he slipped and fell" after stepping in a puddle of liquid soap on the floor of a restroom while aboard Defendant Royal Caribbean Cruises, Ltd.'s vessel, *Freedom of the Seas*. (Compl. ¶ 11 ECF No. 3.) Aponte blames Royal Caribbean for the fall, seeking to be compensated for his "bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses." (*Id.* at ¶ 13.)

The parties have filed cross motions for summary judgment. Royal Caribbean posits that Aponte's complaint fails because he cannot establish that: (1) Royal Caribbean created or had notice of the soap puddle; (2) Royal Caribbean had a duty to warn Aponte about the puddle; or (3) the fall caused the injuries of which he now complains. (Def.'s Mot. for Summ. J., ECF No. 71.) Aponte disagrees, arguing that Royal Caribbean had constructive notice of the spill and that therefore partial summary judgment on liability should be granted in his favor. (Pl.'s Mot. for Part. Summ. J., ECF No. 73.) The Court finds Royal Caribbean's contentions well taken and therefore **grants** its motion for summary judgment (**ECF No. 71**) and **denies** Aponte's motion for partial summary judgment (**ECF No. 73**).

### 1. Legal Standard

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed. R. Civ. P. 56. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60

(11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

■ Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. The nonmovant's evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court will not weigh the evidence or make findings of fact. *Id.* at 249, 106 S.Ct. 2505; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir.2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the nonmoving party. *Morrison*, 323 F.3d at 924.

### 2. Aponte cannot establish that Royal Caribbean was negligent.

The parties do not disagree that this action is governed by general maritime law since the alleged tort occurred while Aponte was a passenger aboard a cruise ship. (Def.'s Mot at 8); *Ridley v. NCL (Bahamas) Ltd.*, 824 F.Supp.2d 1355, 1359 n. 4 (S.D.Fla.2010) (King, J.) ("[T]here is no doubt that allegations involving negligence aboard a cruise ship—whether docked or otherwise—are controlled by admiralty law.")

In order to satisfy his burden of proof in this negligence action, Aponte must show that: (1) Royal Caribbean owed a duty to Aponte; (2) Royal Caribbean breached that duty; (3) the breach was the proximate cause of Aponte's injuries; and (4) Aponte suffered damages. *Hasenfus v. Secord*, 962 F.2d 1556, 1559–60 (11th Cir.1992). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [his] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1236–37 (S.D.Fla.2006) (Moreno, J.).

### A. Aponte cannot establish that Royal Caribbean had notice of the soap puddle.

■ When, as here, the dangerous condition "is one commonly encountered on land," a plaintiff must, in establishing the duty element, show that the cruise line "had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir.1989).

■ To begin with, Aponte unambiguously testified that he cannot establish how long the puddle of soap had been on the floor prior to his fall or how it got there. (Aponte Depo. 112:15–22 ECF No. 71-1.) Although Aponte "denied" this fact in responding to Royal Caribbean's Statement of Facts, he fails to properly oppose it. Instead he merely recites that "[c]ircum-

stantial evidence in the record creates a material dispute of fact which is for the jury to resolve." (Pl.'s Resp., ECF No. 4.) He then cites to the entirety of two depositions, comprising almost 250 pages of testimony, without a single specific reference as required by the Local Rules. (*Id.*); L. R. 56.1. This does not suffice to controvert Royal Caribbean's factual statement. Further, despite Aponte testifying that a crew member was in the bathroom, washing or emptying a bucket into a sink, when he entered (*id.* at 261:19–262:17), he also admitted that he had no way of knowing if that person was aware of a soap bottle lying on the floor (*id.* at 112:23–113:20).[1] Aponte has presented no evidence that indicates how long the soap may have been on the floor: the record is devoid of any evidence of dirt, tracks, or footprints in the puddle prior to Aponte's fall. Nor has Aponte presented any evidence that could establish that either the soap bottle or puddle was even on the floor while the crewmember was in the bathroom. (*E.g.,* *id.* at 257:15–17; 261:15–17.) The best that Aponte offers is, in his response, that the soap *"may have* been on the floor for as much as 2 hours and 23 minutes until discovered by a crewmember" and that "the dangerous condition *may have* been created by the acts of Royal Caribbean crewmembers . . . ." (Pl.'s Resp., ECF No. 82, 14 (emphasis added).) However, as articulated by Aponte himself, like speculation and conjecture, the theories of counsel, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment. (*Id.* at 13 (citing *Seaboard Sys. R. R. v. Goforth,* 545 So.2d 482, 483 (Fla. 5th DCA 1989) and *Carter v. Cessna Fin.*

*Corp.,* 498 So.2d 1319, 1321 (Fla. 4th DCA 1986)).

There is simply no evidence in the record that Royal Caribbean knew or should have known about the soap puddle on the bathroom floor. There is, further, no evidence that Royal Caribbean was ever notified of any substantially similar slip-and-fall incidents involving soap on the floor of the *Freedom of the Seas,* or similar class ships', bathrooms.[2] Without any evidence that Royal Caribbean had any actual or constructive notice of any risk-creating condition related to the soap on the floor or the circumstances that led to its presence there, Royal Caribbean is entitled to summary judgment. *Cohen v. Carnival Corp.,* 945 F.Supp.2d 1351, 1357 (S.D.Fla. 2013) (Lenard, J.) (granting summary judgment in favor of cruise line when passenger did not present any evidence that cruise line was aware of or should have been aware of dangerous condition on gangplank and requiring that plaintiff show "specific acts demonstrating, at least, that the purported defect was detectable with sufficient time to allow for corrective action"); *see also Adams v. Carnival Corp.,* No. 08–22465–CIV, 2009 WL 4907547, at *5 (S.D.Fla. Sept. 29, 2009) (Seitz, J.) (stating that "the mere fact that an accident occurred . . . does not obviate the need to show that Carnival had notice" of the condition).

**B. The puddle of soap was an open and obvious condition.**

■ Additionally, even if Aponte could establish that Royal Caribbean had notice of the alleged dangerous condition, Royal Caribbean's duty to warn extends only to dangers that are neither apparent nor ob-

---

1. Again Aponte fails to properly oppose this fact and cites, once more, to a deposition in its entirety and to his own "statement of disputed fact" generally. (Pl.'s Resp. at 4.)

2. Once again, Aponte fails to properly oppose this fact, and instead cites generally to Royal Caribbean's corporate representative's entire deposition. (*Id.* at 5.)

vious. *Cohen*, 945 F.Supp.2d at 1357 (quoting *Young v. Carnival Corp.*, No. 09–21949–CIV, 2011 WL 465366, at *1 (S.D.Fla. Feb. 4, 2011) (King, J.)). Here, Aponte himself testified that the puddle was readily apparent. When asked if he would have seen the puddle on the floor if he had just looked, he responded, "Obviously." (Aponte Depo. At 108:21–109:1.)[3] Because there is no dispute that the puddle of soap was open and obvious, Royal Caribbean had no duty to warn.

## C. Aponte likely cannot establish causation either.

Royal Caribbean argues in its motion that Aponte cannot establish a medical link between his fall and his current injuries. In response, Aponte fails to even mention, much less rebut, this issue in his argument.[4] Without more, the Court would likely consider Aponte to have abandoned any argument to the contrary. *See St. Andrews Presbyterian Coll. v. S. Ass'n of Colleges & Sch., Inc.*, 679 F.Supp.2d 1320, 1335 (N.D.Ga.2009) (finding plaintiff's failure to respond to defendant's claim in summary judgment motion constituted abandonment); *Welch v. Delta Air Lines, Inc.*, 978 F.Supp. 1133, 1137 (N.D.Ga.1997) ("Plaintiff's failure to respond to Defendant's argument alone entitles Defendant to summary judgment on these claims."). Thus, even if Aponte had succeeded in establishing notice or a breach of the duty to warn, it is likely that Royal Caribbean would prevail on its argument that Aponte failed to show causation.

## 3. Aponte's motion for partial summary judgment fails.

Aponte argues that he is entitled to partial summary judgment on Royal Caribbean's liability. In support of his claim, Aponte points to (1) "the passage of 2 hours and 23 minutes during which no crew member cleaned the bathroom, when the Defendant knows that these soap dispenser bottles loosen with the passage of time"; and (2) "an unauthorized bar server/crew member utilize[d] the bathroom without following standard operating procedures, to lock the door and place a sign in front, allowing Mr. Aponte to enter while he was dumping water in the sink." (Pl.'s Mot., ECF No. 73, 8.) The Court finds Aponte's contentions unavailing.

To begin with, the passage of time between inspections is not itself enough to imply constructive notice when there was absolutely no evidence submitted establishing how long the soap itself had been on the floor. *See Wal–Mart Stores, Inc. v. King*, 592 So.2d 705, 707 (Fla. 5th DCA 1991) ("the fact there was no inspection for a given length of time *in itself* provides no proof that the defect was actually there for a sufficient period to place a landowner on reasonable notice of its existence"). Simi-

---

3. The support that Aponte cites for his opposition to this statement of fact is unconvincing: "Denied as inadmissible and speculative evidence and improper as summary judgment evidence. (See citation below)." The "citation below" is to Aponte's deposition testimony wherein he acknowledges not knowing how the soap bottle or soap got on the floor. Again, Aponte fails to successfully controvert Royal Caribbean's statement of facts.

4. Yet again, Aponte's denial of the Royal Caribbean's factual statement that there was no change in Aponte's clinical back diagnosis after his fall fails to comply with Local Rule 56.1. Instead, in responding to Royal Caribbean's statement of facts, Aponte simply refers to his expert witness's report generally, includes argument in his attempt to contest the material fact, and fails to actually refute the material fact. *Williams v. Slack*, 438 Fed. Appx. 848, 850 (11th Cir.2011) (deeming movant's statement of material facts admitted where opposition contained argumentative responses, offered nonspecific citations to evidence, and failed to directly refute the movant's material facts).

 

larly, any testimony establishing that the soap bottles "loosen with the passage of time" is not enough to show that the bottles not only loosen, but also, within two hours and twenty-three minutes, tend to actually give way and fall onto the floor, spilling soap and causing slip-and-fall accidents. Lastly, Aponte makes no connection between the crewmember dumping water into the sink and the puddle of soap forming on the floor.[5] Aponte's motion for partial summary judgment fails.

### 4. Conclusion

Aponte is indeed correct when he states, in his response to Royal Caribbean's motion for summary judgment, that "several interpretations can be drawn [from] what the Plaintiff alleges." (Pl.'s Resp. at 14.) However, this does not create a genuine issue of material fact. Instead, to defeat Royal Caribbean's motion, Aponte must present sufficient evidence that would allow a reasonable juror to actually find on his behalf. *Morrison*, 323 F.3d at 924. This he has failed to do. The Court therefore **grants** Royal Caribbean's motion for summary judgment (**ECF No. 71**). With respect to Aponte's motion for partial summary judgment, he has failed to carry his burden of establishing any genuine issue of material fact or that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. The Court therefore **denies** Aponte's motion for partial summary judgment on liability (**ECF No. 73**).

5. Even if there weren't deficiencies in Aponte's legal argument on this point, once again Aponte's statement of material facts regarding this issue is defective. In paragraph 19 of his statement, Aponte says he "was able to enter the 5th floor ... bathroom without being locked and without a sign positioned outside, but encountered a crew member

**Done and ordered** at Miami, Florida on September 14, 2016.

dumping water from a bucket into the sink." (Pl.'s Mot. at 4.) Instead of supporting this fact with a "specific reference," Aponte instead directed "(See Aponte deposition p___). *To be provided.*" (*Id.* (emphasis in original).) This clearly falls short of Local Rule 56.1's requirements.